**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TRUSTEES OF THE 4TH DISTRICT IBEW HEALTH FUND,** ***et al.*** | : | |
| | : | |
| **Plaintiffs,** | : | **Case No. 2:25-cv-659** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **WAI CONSTRUCTION GROUP, LLC,** | : | **Magistrate Judge S. Courter Shimeall** |
| | : | |
| **Defendant.** | : | |

**OPINION AND ORDER**

This matter comes before this Court on Plaintiffs Trustees of the 4th District IBEW Health Fund, Trustees of the I.B.E.W. Local Union 575 IBEW Retiree Health Benefit Fund Plan and Trust, and The IBEW Local #575 Pension Fund's Amended Motion for Default Judgment (ECF No. 9) against Defendant WAI Construction Group, LLC.[1] For the following reasons, Plaintiffs' Motion is **DENIED without prejudice**.

Plaintiffs initiated this Employee Retirement Income Security Act (ERISA) and Labor Management Relations Act (LMRA) lawsuit in June 2025, alleging four counts for failure to pay contributions in violation of 28 U.S.C. § 1145, breach of contract and failure to pay contributions in violation of 29 U.S.C. § 185, failure to pay liquidated damages and interest in violation of 29 U.S.C. § 1145, and breach of contract and failure to pay liquidated damages and interest in violation of LMRA Section 301. (ECF No. 1 ¶¶ 1, 10–62). The Clerk of Court entered default against Defendant in July 2025. (ECF No. 5). Plaintiffs first moved for default judgment on

[1] Plaintiffs named McHenry Electric Co., Inc. as the Defendant in their Amended Motion for Default Judgment, apparently in error. (*See* ECF No. 9).

September 11, 2025. (ECF No. 7). Then, Plaintiffs "documented additional amounts owed and . . . recovered partial payment from Defendant's surety." (ECF No. 10 at 1–2). Consequently, they amended their motion in March 2026 (ECF Nos. 9; 10). Now, they seek to recover a total of $23,322.67. (ECF No. 10 at 6–7).

Plaintiffs' Amended Motion for Default Judgment is insufficient. Plaintiffs seek entry of default judgment based on a supporting memorandum of law that is, at best, perfunctory, even though they bring four separate causes of action against the Defendants. They fail to address what is required to prevail on each of their four claims.

"[W]hen moving for a default judgment, the plaintiff must prove its entitlement" to the relief sought. *Artin Printing Co. v. Four Colour Imports, Ltd.*, 2026 WL 2446652, at *2 (W.D. Ky. Aug. 20, 2026). Plaintiffs have not done so here. Federal courts within the Sixth Circuit evaluate seven factors when considering a motion for default judgment: (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits. *O.C. v. Town & Country Motel*, 2026 WL 809538, at *4 (S.D. Ohio Mar. 24, 2026) (Marbley, J.) (citing *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986))). "These seven factors, established by the Ninth Circuit in *Eitel* and endorsed by the Sixth Circuit in *Russell*, are a critical component of a motion for default judgment, and their omission is fatal." *Huntington Nat'l Bank v. Secure Assets, Inc.*, 2026 WL 2529406, at *1 (S.D. Ohio Aug. 27, 2026) (Marbley, J.) (collecting cases). Here, Plaintiffs failed to cite, much less analyze, these seven factors in requesting default judgment relief. *Id.*

Although this Court accepts "the well-pleaded allegations of the complaint as to liability," it still "must ascertain whether liability has been established as a matter of law." *Turner v. Desormeau*, 2025 WL 36429, at *10 (E.D.N.Y. Jan 6, 2025). Plaintiffs' Amended Motion lacks both the requisite legal analysis of Plaintiffs' claims and any evaluation of the propriety of a default judgment under the *Eitel*/*Russell* factors. Thus, it is insufficient. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("It is not sufficient for a party to mention [an] argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citations omitted); *see also* S.D. Ohio Civ. R. 7.2(a)(1) ("All motions and applications tendered for filing shall be accompanied by a memorandum in support thereof that shall be a brief statement of the grounds, with citation of authorities relied upon.").

For the foregoing reasons, Plaintiffs' Amended Motion for Default Judgment (ECF No. 9) is **DENIED without prejudice**. Plaintiffs' prior Motion for Default Judgment (ECF No. 7) was superseded by the Amended Motion, and thus is **DENIED as moot**.

Plaintiffs may file a renewed motion within **twenty-eight** days from the date of this Order.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 11, 2026**